UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ALAN STUBBLEFIELD                                              CIVIL ACTION

VERSUS

FRANCISCAN MISSIONARIES OF OUR                NO. 20-00748-BAJ-RLB
LADY HEALTH SYSTEMS, INC.

RULING AND ORDER

Before the Court is Defendant Franciscan Missionaries of Our Lady Health System, Inc.'s ("Franciscan Missionaries") **Motion To Dismiss Pursuant To Rule 12(b)(6) Of The Federal Rules Of Civil Procedure** (Doc. 7). Plaintiff opposes Franciscan Missionaries' Motion. (Doc. 14). For reasons to follow, Franciscan Missionaries' Motion will be granted, and Plaintiffs' action will be dismissed without prejudice, subject to Plaintiff's right to file an amended complaint curing the deficiencies outlined herein within 21 days of the date of this Order.

I.   ALLEGATIONS

This is an employment dispute. For present purposes, the following allegations are accepted as true.

Plaintiff, a registered nurse, was hired by non-party Our Lady of the Lake Regional Medical Center ("OLOLRMC") in May 2016. (Doc. 1-2 at ¶¶ 7-8). Beginning in October 2019, Plaintiff was subjected to "repeated sexual harassment of an inappropriate manner by several of [his supervisors]." (*Id.* at ¶ 9). Plaintiff "reported this conduct to the Human Resources manager at OLOLRMC," but "OLOLRMC took no action to remediate the hostile work environment." (*Id.* at ¶¶ 10, 12).

On October 27, 2019, "Plaintiff requested a meeting with the Vice President of OLOLRMC, Human Resources Manager[,] and his Nursing Manager, in an effort to report the unwanted inappropriate sexual conduct." (*Id.* at ¶ 11). At this meeting, the Vice President and Human Resources Manager "accused … Plaintiff of raping his ex-girlfriend, taking drugs, and sexually harassing his ex-girlfriend," and inquired regarding Plaintiff's "mental issues." (*Id.* at ¶¶ 13, 26).

The October 27 meeting prompted Plaintiff to leave his position at OLOLRMC. (*Id.* at ¶ 13). Thereafter, he obtained work at Ochsner Medical Center, and also at Bridgepoint Medical Center. (*Id.* at ¶¶ 30, 39). Sometime later, Ochsner's Human Resources Department Manager called Plaintiff to a meeting to discuss an email from OLOLRMC "regarding Plaintiff's character and disposition." (*Id.* at ¶ 32). The email stated that, while at OLOLRMC, "Plaintiff reported to work … on drugs and … in a mentally unstable condition." (*Id.* at ¶ 33). Based on OLOLRMC's email, Ochsner referred Plaintiff to its "Employee Assistance Program for counseling," which ultimately caused Plaintiff to "resign" from Ochsner "due to continued unresolved PTSD." (*Id.* at ¶¶ 35, 38).

OLOLRMC sent the same email to Bridgepoint, causing Plaintiff to be fired. (*Id.* at ¶ 39). OLOLRMC's "conduct has continued to follow [Plaintiff]," resulting in multiple lost employment opportunities. (*Id.* at ¶¶ 41, 46).

II.  **PROCEDURAL HISTORY**

On July 7, 2020, based on the foregoing allegations, Plaintiff filed a charge with the U.S. Equal Employment Opportunity Commission (EEOC), alleging "sexual discrimination and harassment, retaliation, and a hostile work environment" against

OLOLRMC. (*Id.* at ¶ 40).

On July 23, 2020, the EEOC issued Plaintiff a right to sue letter. (*Id.* at ¶ 42).

On October 16, 2020, Plaintiff initiated this action in the Nineteenth Judicial District Court for the Parish of East Baton Rouge. (*Id.* at p. 1). Plaintiff's Petition alleges employment discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* ("Title VII"), and the Louisiana Employment Discrimination Law, La. R.S. § 23:301, *et seq.*, as well as other state law claims, including defamation. (*Id.* at ¶ 48, Prayer).

Strangely, although OLOLRMC was Plaintiff's employer, the Petition does *not* name OLOLRMC as a defendant. Instead, the Petition expressly names Franciscan Missionaries "as the parent company of" OLOLRMC. (*Id.* p. 1). Plaintiff served the Petition only on Franciscan Missionaries, again "as the parent company of" OLOLRMC. (*Id.* p. 7). To date, Plaintiff has not attempted to join OLOLRMC as a defendant in this action.

On November 6, 2020, Franciscan Missionaries removed Plaintiff's action to this Court, invoking federal question jurisdiction based on Plaintiff's Title VII claims. (Doc. 1-1 at ¶¶ 4-5).

On December 4, 2020, Franciscan Missionaries filed the instant Motion, seeking dismissal of Plaintiff's action on multiple grounds. (Doc. 7). Relevant here, Franciscan Missionaries argues that "Plaintiff has named the wrong party as a defendant herein," and, further, "has no claim against Franciscan Missionaries simply by virtue of its status as a parent organization to Plaintiff's actual employer,

3

[OLOLRMC]." (Doc. 7-1 at 2). In support, Franciscan Ministries submits copies of corporate records on file with the Louisiana Secretary of State, demonstrating that, in fact, Franciscan Ministries and OLOLRMC are separate entities. (*See* Docs. 7-3, 7-4).

On February 4, 2021, Plaintiff filed his opposition to Franciscan Missionaries' Motion. (Doc. 14). In relevant part, Plaintiff responds that even if Franciscan Ministries and OLOLRMC are distinct from each other, Franciscan Missionaries is vicariously liable for OLOLRMC's acts under the doctrine of *respondeat superior*. (Doc. 14 at 10).

### III.  ANALYSIS

#### A. Legal Standard

A Rule 12(b)(6) motion to dismiss tests the sufficiency of the complaint against the legal standard set forth in Rule 8, which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

When reviewing a Rule 12(b)(6) motion, the Court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mutual Auto Ins. Co.*, 509 F.3d 673, 675 (5th Cir.

4

2007). The Court may also "consider matters of public record and other matters subject to judicial notice without converting a motion to dismiss into one for summary judgment." *Operaciones Tecnicas Marinas S.A.S. v. Diversified Marine Servs., LLC*, 926 F. Supp. 2d 858, 862 (E.D. La. 2013) (citing *United States ex rel. Willard v. Humana Health Plan of Tex. Inc.*, 336 F.3d 375, 379 (5th Cir. 2003).

### B. Discussion

For present purposes, the Court is satisfied that Plaintiff's Petition states cognizable claims of employment discrimination and defamation.

The problem is that, at present, Plaintiff pursues his claims only against Franciscan Missionaries, "as the parent company of" his actual employer, OLOLRMC. This is a distinction *with* a difference, because the U.S. Court of Appeals for the Fifth Circuit has repeatedly emphasized that "[t]he doctrine of limited liability creates a strong presumption that a parent corporation is not the employer of its subsidiary's employees," and, thus, *not* a proper defendant in an employment discrimination action. *See Tipton v. Northrup Grumman Corp.*, 242 F. App'x 187, 189–90 (5th Cir. 2007) (citing *Lusk v. Foxmeyer Health Corp.*, 129 F.3d 773, 778 (5th Cir. 1997).

There is a limited exception to this rule. Specifically, a plaintiff may pursue employment discrimination claims against his employer's parent corporation *if* the employer and the parent "represent a single, integrated enterprise: a single employer.'" *Tipton*, 242 F. App'x at 190 (quoting *Schweitzer v. Advanced Telemarketing Corp.*, 104 F.3d 761, 763 (5th Cir. 1997)). To determine whether a parent corporation and its subsidiary are "single employer," the Court applies a four-

factor test, examining:

> (1) interrelation of operations, (2) centralized control of labor relations, (3) common management, and (4) common ownership or financial control. The second of these factors is deemed most important, with courts refining their analysis to the question: "what entity made the final decisions regarding employment matters related to the person[s] claiming discrimination?" *Schweitzer*, 104 F.3d at 764; *see also Lusk*, 129 F.3d at 777 ("This analysis ultimately focuses on the question whether the parent corporation was a final decision-maker in connection with the employment matters underlying the litigation.").

*Tipton*, 242 F. App'x at 190.

Here, Plaintiff's Petition fails to address *any* of the four factors outlined above, making it impossible for the Court to determine whether Franciscan Missionaries was the "final decision-maker in connection with the employment matters underlying the litigation." *Id.* Instead, on its face, it appears that the Petition simply names the wrong defendant—*i.e.*, the parent corporation (Franciscan Missionaries) rather than the employer (OLOLRMC).

Having named only Franciscan Missionaries as a defendant, and having failed to establish that Franciscan Missionaries and OLOLRMC are a "single employer," Plaintiff's action must be dismissed,[1] even if he might otherwise pursue viable claims against OLOLRMC. *Tipton*, 242 F. App'x at 190.

### C. Amendment

When a complaint fails to state a claim, the Court should generally give the plaintiff a chance to amend under Rule 15(a) before dismissing the action with

---

[1] Having determined that Plaintiff fails to establish that Franciscan Missionaries and OLOLRMC are a "single employer," the Court does not address Franciscan Missionaries' remaining arguments supporting dismissal.

6

prejudice, unless it is clear that to do so would be futile. *See Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir.2002) ("district courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable"). There is no indication from Plaintiff's Petition or the parties' Rule 12(b)(6) briefing that Plaintiff cannot amend his Petition to address the deficiencies outlined herein. Thus, the Court will dismiss Plaintiff's action *without* prejudice, affording Plaintiff the opportunity to file an amended complaint within 21 days.

## IV.  CONCLUSION

Accordingly,

**IT IS ORDERED** that Franciscan Missionaries Motion To Dismiss Pursuant To Rule 12(b)(6) Of The Federal Rules Of Civil Procedure (Doc. 7) is **GRANTED**, and that the above-captioned action is **DISMISSED WITHOUT PREJUDICE**, subject to Plaintiff's right to file an amended complaint curing the deficiencies outlined herein within 21 days of the date of this Order.

**IT IS FURTHER ORDERED** Plaintiff's failure to timely file an amended complaint will result in a final judgment dismissing the above-captioned action.

Baton Rouge, Louisiana, this 19th day of May, 2021

_____
**JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**