## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **ALAN STUBBLEFIELD** | **CIVIL ACTION** |
| **VERSUS** | |
| **FRANCISCAN MISSIONARIES OF OUR LADY HEALTH SYSTEMS, INC.** | **NO. 20-00748-BAJ-RLB** |

## RULING AND ORDER

Before the Court is the **Motion To Dismiss Pursuant To Rule 12(b)(6) Of The Federal Rules Of Civil Procedure (Doc. 21)**, submitted jointly by Defendants Franciscan Missionaries of Our Lady Health System, Inc. ("Franciscan Missionaries") and Our Lady of the Lake Hospital, Inc. ("OLOL"). In sum, Defendants seek dismissal of all claims against Franciscan Missionaries, and certain state law claims against OLOL, leaving only Plaintiff's claims of employment discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* ("Title VII"), and defamation against OLOL. For reasons to follow, Defendants' Motion will be granted.

### I.   RELEVANT BACKGROUND[1]

On May 19, 2021, the Court dismissed Plaintiff's original petition, which named only Franciscan Missionaries as a Defendant despite Plaintiff having been directly employed by OLOL, *not* Franciscan Missionaries. In sum, the Court's May 19 Order determined that Plaintiff's petition stated claims of employment

---

[1] The background resulting in this employment dispute was previously set forth in the Court's May 19, 2021 Ruling and Order, which dismissed Plaintiff's original petition without prejudice to amend within 21 days. (Doc. 19). Rather than repeat itself, the Court incorporates by reference Sections I and II of its May 19 Order—detailing Plaintiff's allegations and the relevant procedural history—as if set forth herein.

discrimination and defamation, but that Plaintiff was unable to pursue these claims against Franciscan Missionaries directly because the petition failed to allege facts establishing that Franciscan Missionaries and OLOL "represent a single, integrated enterprise: a single employer.'" *Tipton v. Northrup Grumman Corp.*, 242 F. App'x 187, 190 (5th Cir. 2007) (quoting *Schweitzer v. Advanced Telemarketing Corp.*, 104 F.3d 761, 763 (5th Cir. 1997)). Lacking a basis to determine that Franciscan Missionaries and OLOL are a "single employer," the Court dismissed Plaintiff's action but allowed Plaintiff to file an amended complaint within 21 days.

On May 26, 2021, Plaintiff filed his First Amended Complaint. (Doc. 20, the "FAC"). Notably, the FAC adds OLOL—Plaintiff's actual employer—as a Defendant. (*Id.* at ¶¶ 3, 6, 8). In all other material respects, however, the FAC is indistinguishable from the original petition, *except* that Plaintiff now attributes acts and omissions to OLOL that he previously attributed to Franciscan Missionaries. In other words, Plaintiff has maintained all his original allegations (adding no more), and merely substituted OLOL for Franciscan Missionaries throughout the FAC. To the point, the FAC contains *no* new allegations establishing that Franciscan Missionaries and OLOL are a "single employer" for purposes of this dispute.

On June 9, 2021, Franciscan Missionaries and OLOL filed the instant motion to dismiss. (Doc. 21). Defendants seek dismissal with prejudice of all claims against Franciscan Missionaries, noting that despite having been given the opportunity to amend, Plaintiff still "pleads absolutely no facts regarding Franciscan Missionary's [sic] role in the challenged employment decisions or conduct of which he complains."

(Doc. 21-1 at p. 5). Further, Defendants seek dismissal of various state-law claims against OLOL, including Plaintiff's claims under the Louisiana Employment Discrimination Law, La. R.S. § 23:301, *et seq.* ("LEDL"). In sum, Defendants contend that Plaintiff's action should be narrowed to assert claims of employment discrimination under Title VII, and defamation under Louisiana law, against OLOL *only*.

On June 24, 2021, Plaintiff submitted his opposition to Defendants' Motion. (Doc. 22).

## II.  ANALYSIS

### A. Legal Standard

A Rule 12(b)(6) motion to dismiss tests the sufficiency of the complaint against the legal standard set forth in Rule 8, which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

When reviewing a Rule 12(b)(6) motion, the Court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mutual Auto Ins. Co.*, 509 F.3d 673, 675 (5th Cir. 2007). The Court may also "consider matters of public record and other matters

subject to judicial notice without converting a motion to dismiss into one for summary judgment." *Operaciones Tecnicas Marinas S.A.S. v. Diversified Marine Servs., LLC*, 926 F. Supp. 2d 858, 862 (E.D. La. 2013) (citing *United States ex rel. Willard v. Humana Health Plan of Tex. Inc.*, 336 F.3d 375, 379 (5th Cir. 2003).

### B. Discussion

#### i. Plaintiff's Claims Against Franciscan Missionaries Will Be Dismissed With Prejudice

As stated above, this Court's May 29 Order dismissed Plaintiff's claims against Franciscan Missionaries because Plaintiff's original petition failed to set forth *any* allegations establishing that Franciscan Missionaries and OLOL are a "single employer" for purposes of this dispute. Plaintiff's FAC does no better. Indeed, as noted, it appears that Plaintiff has merely redirected his allegations *from* Franciscan Missionaries *to* OLOL. Thus, the Court still lacks any basis to determine that Franciscan Missionaries was the "final decision-maker in connection with the employment matters underlying the litigation," and Franciscan Missionaries must (again) be dismissed from this action. *See Tipton*, 242 F. App'x at 189-09.[2]

Further, because Plaintiff's allegations remain deficient despite having been given an opportunity to amend, the Court determines that additional amendment would be futile and Franciscan Missionaries will be dismissed with prejudice. *See*

---

[2] In making this determination, the Court does not consider the exhibits appended to Plaintiff's opposition memorandum because they are not referenced in Plaintiff's Amended Complaint, and are not public records subject to judicial notice. *See Operaciones Tecnicas Marinas S.A.S.*, 926 F. Supp. 2d at 862. Rather, as it must, the Court limits its review to Plaintiff's *allegations* set forth in the FAC, and determines once again that Plaintiff has failed to state a plausible claim against Franciscan Missionaries.

4

*Matter of: Sherwin Alumina Co., L.L.C.*, 952 F.3d 229, 236 (5th Cir. 2020) ("[W]here amendment would be futile, the court need not grant the plaintiff leave to amend.").

### ii. Plaintiff's Claims Under The Louisiana Employment Discrimination Law Will Be Dismissed With Prejudice

The Louisiana Employment Discrimination Law expressly *exempts* nonprofit corporations from its reach. La. R.S. § 23:302(2)(b) ("This Chapter shall not apply to the following: … (b) Employment of an individual by … any nonprofit corporation[.]"). Here, there is no dispute that OLOL is a nonprofit corporation. Accordingly, Plaintiff's claims under the LEDL will also be dismissed. And, again, these claims will be dismissed with prejudice because additional amendment would be futile. *Sherwin Alumina Co., L.L.C.*, 952 F.3d at 236.[3]

### III. CONCLUSION

Accordingly,

**IT IS ORDERED** that Defendants' **Motion To Dismiss Pursuant To Rule 12(b)(6) Of The Federal Rules Of Civil Procedure (Doc. 21)** be and is hereby

---

[3] Defendants also seek dismissal of Plaintiff's "claims" under the Louisiana Environmental Quality Act, La. R.S. § 30:2001, *et seq.* ("LEQL"), and Louisiana's Civil Code article governing joint and solidary liability, La. C.C. art. 2324. (*See* Doc. 21 at 7). Significantly, although Plaintiff cited the LEQL and Civil Code Article 2324 in his original petition (*see* Doc. 1-4 at ¶¶ 25, 48), these provisions do not appear in the SAC. Nor does the SAC specifically adopt or incorporate the original petition. Accordingly, Plaintiff has abandoned these "claims." *King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994) ("An amended complaint supersedes the original complaint and renders it of no legal effect unless the amended complaint specifically refers to and adopts or incorporates by reference the earlier pleading." *King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994). This conclusion is reinforced by Plaintiff's failure to brief any response to Defendants' argument that these claims should be dismissed. *Cf. Gray v. City of Denham Springs*, No. 19-cv-00889, 2021 WL 1187076, at *5 (M.D. La. Mar. 29, 2021) (Jackson, J.) (explaining that under Local Civil Rule 7(d) an issue is waived if it is not adequately briefed, and that "the Court will not speculate on arguments that have not been advanced, or attempt to develop arguments on [a party's] behalf").

**GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's claims against Defendant Franciscan Missionaries of Our Lady Health System, Inc. be and are hereby **DISMISSED WITH PREJUDICE**, and that Defendant Franciscan Missionaries of Our Lady Health System, Inc. be and is hereby **DISMISSED** from this action.

**IT IS FURTHER ORDERED** that Plaintiff's claims under the Louisiana Employment Discrimination Law against Our Lady of the Lake Hospital, Inc. be and are hereby **DISMISSED WITH PREJUDICE**, leaving only Plaintiff's claims of employment discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, and defamation under Louisiana law.

Baton Rouge, Louisiana, this 23rd day of February, 2022

_____
**JUDGE BRIAN A. JACKSON**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**