UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| ALAN STUBBLEFIELD | CIVIL ACTION |
| VERSUS | |
| FRANCISCAN MISSIONARIES OF OUR LADY HEALTH SYSTEMS, INC., ET AL. | NO. 20-00748-BAJ-RLB |

### RULING AND ORDER

As previously set forth, this action involves claims of unlawful employment discrimination and defamation. Plaintiff Alan Stubblefield, a registered nurse, alleges that between October 19 and October 27, 2019 he worked in the Cardiac Intensive Care Unit at Our Lady of the Lake Hospital (OLOL), where he suffered "sexual harassment" and "unwanted inappropriate sexual conduct." (Doc. 20 at ¶¶ 11, 13-16). Plaintiff states that he reported this harassment, but instead of investigating Plaintiff's allegations, Plaintiff's supervisors turned the table and accused Plaintiff "of sexually abusing his ex-girlfriends[,] ... of drug abuse, and ... of having mental issues," prompting Plaintiff to quit his job and seek employment elsewhere. (*Id.* at ¶¶ 30-31, 34). Plaintiff alleges that, even then, OLOL's abusive conduct continued, in the form of defamatory reference letters to other hospitals in the Baton Rouge area, stating that "Plaintiff reported to work at OLOL on drugs and ... in a mentally unstable condition." (*Id.* at ¶¶ 35-38). Plaintiff alleges that these letters caused him to lose jobs at Ochsner Medical Center and Bridgepoint Medical Center. (*Id.* at ¶¶ 42-43).

Now OLOL moves for summary judgment, arguing that Plaintiff's own

1

deposition testimony controverts many (if not all) of his material allegations, that there is no evidence of Plaintiff ever suffering any harassment, discrimination, or abuse at OLOL (much less reporting it), and that, in fact, *Plaintiff—not* OLOL—was the culprit engaged in disturbing and potentially dangerous behavior during the time period at issue. (Doc. 44; Doc. 44-1). Plaintiff's deadline to oppose has long since passed with no response, despite Plaintiff having been expressly warned that silence in the face of OLOL's motion for summary judgment may result in the motion being deemed unopposed.[1] (Doc. 56 at p. 1).

The summary judgment standard is well-set: to prevail, OLOL must show that there is no genuine dispute as to any material fact and that it is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In making this assessment, the Court must view all evidence and make all reasonable inferences in the light most favorable to Plaintiff—the non-moving party. *Owens v. Circassia Pharms., Inc.*, 33 F.4th 814, 824 (5th Cir. 2022). Even so, under the Federal *and* Local Civil Rules, Plaintiff *must* counter with *evidence* to support his claims: "A non-movant will not avoid summary judgment by presenting speculation, improbable inferences, or unsubstantiated assertions." *Jones v. United States*, 936 F.3d 318, 321 (5th Cir. 2019) (quotation marks omitted); *see also* M.D. La. LR 56. To the point, summary judgment is *required* if Plaintiff fails to "produce any summary judgment evidence on an essential element

---

[1] At this point, it appears that Plaintiff has all but abandoned his case. In addition to failing to respond to OLOL's summary judgment motion, Plaintiff failed to appear at an April 12, 2023 hearing before the Magistrate Judge to discuss Plaintiff's efforts to obtain new counsel, after Plaintiff's former attorney withdrew due to Plaintiff's failure to pay his fee. (Doc. 56 at p. 3-5).

of his claim." *Geiserman v. MacDonald*, 893 F.2d 787, 793 (5th Cir. 1990).

For Plaintiff's hostile work environment claim to survive, the evidence must establish (among other things) a genuine dispute that Plaintiff suffered sex-based harassment that "affected a term, condition, or privilege of employment." *Jones v. PNK (Baton Rouge) P'ship*, No. 16-cv-00843, 2018 WL 3430683, at *5 (M.D. La. July 16, 2018) (Jackson, J.). This requires harassment "sufficiently severe or pervasive [so as] to alter the conditions of the victim's employment and create an abusive working environment." *Id.* (quotation marks and alterations omitted). Having failed to oppose OLOL's motion for summary judgment, Plaintiff *concedes* the well-supported facts set forth in OLOL's Statement Of Uncontested Material Facts, M.D. La. LR 56(f), including that *all* of his allegations of sex-based harassment are fabricated. At his deposition, Plaintiff could "not recall" *any* instances of inappropriate sexual comments, (Doc. 44-2 at ¶¶ 39, 49), and only vaguely described what he *perceived* as sexually suggestive gestures, including other male and female nurses sitting "inappropriately"—*i.e.*, "with legs open"—and a female nurse bending over to pick up something off the floor. (*Id.* at ¶¶ 39-50). Even *assuming* that these incidents qualify as sex-based harassment, they fall well short of establishing "conduct so egregious as to alter the conditions of employment and destroy [Plaintiff's] equal opportunity in the workplace." *Gibson v. Potter*, 264 F. App'x 397, 400 (5th Cir. 2008). Absent any evidence to the contrary, Plaintiff's hostile work environment claim plainly fails.

The same goes for Plaintiff's constructive discharge claim, which requires evidence of "working conditions so intolerable that a reasonable employee would feel

3

compelled to resign." *Finch v. Fort Bend Indep. Sch. Dist.*, 333 F.3d 555, 562 (5th Cir. 2003). Such conditions may be established upon adequate proof of "badgering, harassment, or humiliation," *Barrow v. New Orleans S.S. Ass'n*, 10 F.3d 292, 297 (5th Cir. 1994), but again, Plaintiff's own testimony establishes that he was *not* subjected to *any* sex-based harassment, much less the type of "intolerable" harassment required to sustain his claim.

Plaintiff's disparate treatment claim fails, too, for different reasons. For any disparate treatment claim to survive, Plaintiff must show evidence that he was treated less favorably than his "similarly situated" colleagues. *Willis v. Coca Cola Enterprises, Inc.*, 445 F.3d 413, 420 (5th Cir. 2006). Here, there is no such evidence whatsoever. (Doc. 44-2 at ¶ 58).

Finally, Plaintiff's defamation claim. An actionable defamation claim requires proof of "(1) defamatory words; (2) publication to a person other than the one defamed; (3) falsity; (4) malice; and (5) resulting injury." *Hoffman v. Bailey*, 257 F. Supp. 3d 801, 819 (E.D. La. 2017) (Jolivette Brown, J.) (quotation marks omitted). "If even one of the required elements of the defamation tort is lacking, the cause of action fails." *Id.* Again, Plaintiff's claim is based on allegations that OLOL told prospective employers that he "reported to work … on drugs and … in a mentally unstable condition," causing Plaintiff to lose jobs at Ochsner Medical Center and Bridgepoint Medical Center. Now, however, Plaintiff "retracts" these allegations, stating that "[i]t was not Our Lady of the Lake that spread these defamatory remarks. It was just colleagues around." (Doc. 44-29 at p. 67). Plaintiff even admits that these unnamed

4

colleagues "weren't any colleagues associated with Our Lady of the Lake." (*Id.* at p. 68). Plaintiff also admits that nobody at OLOL ever accused him of abusing his ex-girlfriend(s), drug abuse, or mental issues. (*Id.* at pp. 39-40). Finally, Plaintiff admits that he was not fired from Ochsner or Bridgepoint, but instead resigned these positions to seek better work opportunities in Dallas, Texas. (*Id.* at pp. 48, 50). Plainly, Plaintiff's defamation claim also fails.

Having failed to produce any evidence supporting essential elements of his claims, Plaintiff's action must be dismissed. *Geiserman*, 893 F.2d at 793. Indeed, going further, it now appears that the material allegations driving this dispute are made up, or, at best, presented in a patently false light. Plaintiff is warned that any future attempt to pursue litigation based on false and misleading allegations may result in sanctions.

Accordingly,

**IT IS ORDERED** that OLOL's **Motion For Summary Judgment (Doc. 44)** be and is hereby **GRANTED**, and that Plaintiff's remaining claims be and are hereby **DISMISSED WITH PREJUDICE.**

Judgment shall issue separately.

Baton Rouge, Louisiana, this 10th day of May, 2023

_____
JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

5